238 So.2d 191

**STATE of Louisiana**

v.

**Gary GUILLOT.**

No. 50452.

June 29, 1970.

Patsy Jo McDowell, Baton Rouge, for defendant-relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Charles A. Riddle, Jr., Dist. Atty., John A. Boatner, Jr., Asst. Dist. Atty., for plaintiff-respondent.

FOURNET, Chief Justice.

The relator, Gary Guillot, having on January 7, 1967 entered plea of guilty to a charge of criminal neglect of his family under Article 74 of the Criminal Code,[1] was sentenced to serve one year

---

1. At the time of defendant's plea of guilty R.S. 14:74 provided: "Criminal neglect of family is the desertion or intentional nonsupport: * * * (2) By either parent of his minor child, whether legitimate or illegitimate, who is in destitute

in parish jail which sentence was suspended and "the defendant placed under supervisory probation for a period of FIVE (5) YEARS, the conditions of suspension and probation being that he pay to his wife, for the support and maintenance of his minor children, through the State Department of Public Welfare and his Probation Officer, the sum of $100.00 per month, the first payment being due on or before January 15, 1967 and like payments to be made on or before the 15th day of each calendar month thereafter until further orders * . * *," and upon relator's showing that this amount was increased from $100 to $150 beginning on December 15, 1969 without prior notice or hearing, we granted alternative writs of certiorari, prohibition and mandamus, limited, however, to assignment of error number three,[2] and ordered the trial judge to stay the execution of the order of November 18 until further order of this court, to transmit to this court the record in duplicate, and that said judge and respondent, through its attorneys, show cause in this court why the relief prayed for

in the petition of relator should not be granted.

It is conceded by counsel for the state that the order of November 18, 1969 was issued by the trial judge on information furnished the court by the defendant's supervising probation officer that the defendant's earnings had been increased from $300.00 that he was receiving at the time of the sentence to $600.00 at the time of the issuance of the order and his wife, having remarried, was earning $300.00, without notice to relator or having a contradictory hearing, but contends, inasmuch as the original sentence is not affected, i. e., the sentence to serve one year in jail, the conditions of probation may be changed, suspended or altered at any time according to circumstances that may arise.

We agree with the contention of counsel for the state that R.S. 14:74, 14:75 and 15:305 are in pari materia and must be read together in resolving the issue posed here. R.S. 14:75 authorizes the court, instead of imposing the sentence meted in such case, "to issue an order di-

---

or necessitous circumstances, there being a duty established by this article for either parent to support his child. * * * Whoever commits the offense of criminal neglect of family shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both; * * *." The statute has been amended, insofar as pertinent here, to provide that the imprisonment shall not be more than 6 months.

2. "The trial court judge was in legal error when, on November 18, 1969, he increased the support payments over and above that of his original sentence. This was done without notice to defendant, without a hearing, and contrary to the recommendation of defendant's local probation officer."

recting the defendant to pay a certain sum weekly or at such periods as the court may direct, to the wife, or to the tutor or custodian of the minor child, or to an organization or individual approved by the court as fiduciary for such wife or child, *which sum may be increased or decreased by the court from time to time, as the circumstances may require; * * *.* while under the latter article the judge is authorized to suspend the sentence and place the defendant on probation. (Emphasis added.)

A mere reading of R.S. 15:305 will demonstrate that a contradictory hearing is contemplated between the parties involved before the judge can determine when the circumstances require an increase or decrease of the award previously made for the article specifically provides, *"the court, after having considered the circumstances and financial ability of the defendant, shall have the power to issue an order directing the defendant to pay a determined sum * * * which sum may be increased or decreased by the court from time to time, as the circumstances may require."* (Emphasis added.)

▇ We hold, therefore, that any change to either increase or decrease an award authorized under R.S. 14:75 and R.S. 15:-305 may only be done after notice to the opposing party and a full contradictory hearing.

For the reasons assigned the alternative writs are made peremptory and the order of November 18, 1969 is hereby set aside.

BARHAM, J., concurs in the result.

SANDERS, Justice (concurring).

I agree that the defendant is entitled to a probationary hearing, since it is sought to make the conditions of probation more onerous by increasing his payments.

I cannot subscribe, however, to the dicta that a contradictory hearing "between the parties involved" is required to reduce the payments. This apparently means a contradictory hearing between the defendant and the support beneficiary. The support beneficiary is not a party to the criminal proceeding and has no legal status to oppose changes in the conditions of probation.

For the reasons assigned, I concur in the result.