BARHAM, Justice.
Relator, Clarence M. Jordan, was convicted of criminal neglect of family on June 12, 1972 under a bill of information charging him with intentionally failing to support his one minor child, age 17, who was in necessitous circumstances, in violation of R.S. 14:74. He was sentenced to six months’ imprisonment in the Parish Jail, but execution of the sentence was suspended and relator was placed on probation for five years under the supervision of the Department of Public Welfare, conditioned on his paying for the support of his minor child the sum of $50.00 on the first and fifteenth days of each month.[1] Payments were made through the Department of Public Welfare by some form of check or money order made payable to the mother of the child. This judgment was amended on October 26, 1972, when the payee was changed from the mother to the dependent child on the basis that the child was 18 years of age and in college.
The child, Charlotte Diane Jordan, attained the age of eighteen on January 25, 1972. Six months later, on July 26, 1972, Act 98 of 1972 became law, amending and reenacting Article 37 of the Civil Code to provide that persons who have attained the age of eighteen years “shall be considered of full age”, i.e., no longer minors. Relator subsequently filed a rule to terminate his suspended sentence, probation and support payments. Relator also requested that payments made after the effective date of Act 98 be refunded to him.
The district court issued the rule to show cause on December 11, 1972, and an attorney was appointed to represent relator’s child and the child’s mother in the proceedings. After a hearing the trial court dismissed the rule which denied the relief requested. We granted writs on relator’s application. La., 275 So.2d 782.
The only issues presented upon this review are whether the trial court erred in refusing to terminate relator’s suspended sentence, probation and duty to make support payments and whether the court erred in refusing relator’s request for a refund of payments.
Relator argues that a strict construction of the provision of the Criminal Code under which he was convicted and the companion statute, R.S. 15 :305, requires granting the relief sought in the court below. The Criminal Code article (R.S. 14:74) *225 and the applicable statute (R.S. 15:305) read in pertinent part, as follows:
§ 74 Criminal neglect of family
Criminal neglect of family is the desertion or intentional non-support:
‡ ‡ * * * *
(2) By either parent of his minor child, who is in destitute or necessitous circumstances, there being a duty established by this article for either parent to support his child. * * *
§ 305 Probation in criminal neglect of family cases
Whenever a person has pleaded guilty or been found guilty of the misdemeanor of criminal neglect of family, the judge may suspend the execution or imposition of sentence and release the offender on probation * * * The period of probation or of suspension of sentence shall be fixed by the court at not less than six months nor more than five years, subject to renewals by the court for fixed periods not exceeding five years. The period of probation or suspended sentence may be continued in this manner as long as the responsibility for support continues.
As a condition of probation authorized by this Section, the defendant may be required to provide for the support of any persons for whose support he is legally responsible. * * *
Insofar as the record indicates, relator’s conviction was valid at the time the judgment was rendered and that conviction will not be disturbed in any way by our determination. We agree with relator’s contentions, however, that our law requires that his suspended sentence, probation and duty to make support payments be terminated.
We believe that a literal as well as a reasonable construction of the statutory provisions involved, made according to the fair import of the statutory language, requires our conclusion. Such a “genuine” construction is required by positive statutory enactment. R.S. 14:3. Moreover, it has previously been determined by this Court that R.S. 14:74, R.S. 14:75 and R.S. 15:305 are in pari materia and must be construed together. State v. Guillot, 256 La. 751, 238 So.2d 191 (1970).
A “genuine” construction of R.S. 14:74 requires us to recognize that the crime of criminal neglect of family is committed only when a person deserts or intentionally fails to support a wife or a minor child who is destitute or in necessitous circumstances. Had the legislature wished criminal liability to attach when a parent deserted or intentionally failed to support children who are not minors, it is clear that the limiting adjective, “minor”, would not have been included in the definition of the crime. At the time that relator was convicted of criminal neglect of family, the child to whom he owed the duty of support was legally a minor. However, the main issue for our resolution is the effect of that conviction upon the accessory obligations imposed by R.S. 15:305, in light of Civil Code Article 37 as revised in 1972.
R.S. 15:305 allows a trial judge to suspend the execution of a sentence imposed under R.S. 14:74 and further permits the imposition of a probationary period under the supervision of the department of public welfare. That statute also permits the continuation of the period of probation or suspended sentence for “ * * * as long as the responsibility for support continues.” We believe that the clear and unambiguous language of the statute makes mandatory the granting of the relief sought by relator in the instant case. We interpret the permissive portion of the statute to allow the trial court to continue the period of probation or suspended sentence, in its discretion, only when the responsibility for support continues. The statute provides :
“ * * * The period of probation or of suspension of sentence shall be fixed by the court at not less than six months *226 nor more than five years, subject to renewals by the court for fixed periods not exceeding five years. The period of probation or suspended sentence may be continued in this manner as long as the responsibility for support continues.” (Emphasis supplied)
When the responsibility for support ceases, it is no longer within the discretion of the court to continue the probation or the suspended sentence. These are accessories to a conviction for non-support under R.S. 14:74. When the criminal sanctions of that statute cease to apply under the law, these secondary punitive measures may no longer remain in effect. Our determination in this cause is not intended to affect Charlotte Diane Jordan’s right to bring a civil action for support against her father under the general right to support article, Civil Code Article 229, if she feels she is entitled to further support.
Defendant urges that he is entitled to have refunded all payments made after the effective date of the act changing the age of majority. While we are of the opinion that defendant is entitled to a refund, we reject defendant’s contention as to the correct basis for computing that amount. Defendant’s belief that support payments were no longer due was not acquiesced in by the State terminating the conditions of probation. Therefore, by filing this rule, defendant pursued the only course available without risk of being jailed for contempt. The State was on notice at that time that defendant contested further payments under the legal principle which we have adjudicated in his favor. He is entitled to reimbursement of all payments made after December 11, 1972.
In accordance with the views expressed hereinabove, we reverse the trial court’s judgment and remand the cause, with directions that relator’s suspended sentence, probation and support obligation be terminated as of December 11, 1972. We further direct that the trial court order a refund to relator of any support payments made after December 11, 1972.
Reversed and remanded.

. R.S. 14:75 provides that the court, in its discretion, shall have the power to order the defendant to pay a fixed sum for the support of the person to whom he owes the duty of support which has been breached, either in lieu of the imposition of the punishment provided in R.S. 14:74, or in addition thereto. R.S. 15:305 provides for special conditions of suspension and probation.