412 So.2d 602 (1982)
STATE of Louisiana
v.
Bennie JOHNSON.
No. 81-K/A-3313.
Supreme Court of Louisiana.
April 5, 1982.
*603 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Larry J. Radosta, Asst. Dist. Attys., for plaintiff-appellant.
Walter L. Adams, Jr., New Orleans, for defendant-appellee.
LEMMON, Justice.
This matter is before the court on an appeal by the state from a judgment declaring R.S. 46:236.1 unconstitutional because it conflicted with the discretion vested in the trial court by R.S. 14:74.[1] We agree with the state that there was no conflict in this case and that the ruling on constitutionality was unnecessary, but we do not agree that the statute prohibits the discretionary ruling issued by the trial judge in this case.
Defendant had been convicted of criminal neglect of family, and the trial judge suspended imposition of sentence and ordered defendant to make support payments of $40 per week to the Office of Family Services. After making payments for several months, defendant informed a clerk in the Child Support Division of the district attorney's office that he had been laid off from work and would contact the officer and resume payments when he found another job.
When several weeks passed without further communication from defendant, the district attorney filed a rule for contempt. After several delays, the trial judge determined at a hearing that defendant had been unemployed and without income for about eight weeks during the interval between the last payment and the hearing on the rule. When the judge ordered that defendant be given credit against his support obligation for those eight weeks, the district attorney objected on the basis that R.S. 46:236.1 I prohibits cancellation of accrued arrearages unless the Department of Health and Human Resources determines there is no reasonable possibility of collecting the arrearages. Thereupon, the trial judge declared the statute unconstitutional. Hence this appeal.
The trial court held that R.S. 46:236.1 I is unconstitutional because the statute conflicts with the trial judge's authority to exercise discretion and increase or decrease from time to time the amount of the payments. The state argues that the trial judge has the authority to modify a judgment of support, but could not do so in this case because defendant never filed a motion to reduce or suspend support payments. In support of this argument, the state cited Snow v. Snow, 188 La. 660, 177 So. 793 (1937) and Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89 (1950), interpreting C.C. Arts. 227 and 232.
*604 The state confuses defendant's civil obligation to support his children with the criminal sanctions at issue in this case. Perhaps in the civil law the award of child support, once judicially determined, cannot be suspended or decreased until the person under the order files a pleading seeking that relief. However, R.S. 14:74, which is the basis of the present action, requires intentional failure to comply with a support order as an element of the criminal offense. Therefore, an accused cannot be constitutionally convicted for failing to make support payments during a period when he did not have the financial means or ability to provide support. State v. Moran, 400 So.2d 1359 (La.1981).
The trial judge in the present case found as a fact that defendant had no income during the eight weeks in question and recognized that he was not guilty of intentional nonsupport during that period. The judge's ruling therefore did not cancel any valid arrearages, but simply decreed that no payments were validly due under the criminal statutes during that eight-week period, irrespective of defendant's failure to file pleadings requesting suspension of payments. Accordingly, the trial judge's ruling did not conflict with R.S. 46:236.1 I, and it was not necessary to declare the statute unconstitutional in order to remove any conflict.
For these reasons, that portion of the judgment of the trial court which declares R.S. 46:236.1 unconstitutional is reversed. However, the remainder of the judgment which effectively deletes eight weeks of payments from the calculated arrearage on defendant's support obligation is affirmed.
DIXON, C. J., concurs.
DENNIS, J., concurs in part, dissents in part, for reasons assigned by BLANCHE, J.
BLANCHE, J., concurs in part, dissents in part and assigns reasons.
MARCUS, J., dissents and assigns reasons.
BLANCHE, Justice (concurring in part and dissenting in part).
I concur that the statute is constitutional. I concur that the defendant was not in contempt of court.
I disagree that the defendant should be given credit against his support obligation for the eight weeks he did not make payment. According to the statute, the court may not cancel any accrued arrearages unless the Department has determined there is no reasonable possibility of collecting the arrearages. Giving the defendant credit is, in effect, cancelling the arrearages.
I therefore respectfully dissent from the opinion insofar as it gives credit for the accrued arrearages against the defendant's support obligations.
MARCUS, Justice (dissenting).
I agree that La.R.S. 46:236.1 is not unconstitutional. Also, I agree that the trial judge has discretion not to hold defendant in contempt for his failure to make support payments during the eight-week period when he was out of work. However, when the trial judge ordered defendant to be given credit against his support obligation for those eight weeks, it had the effect of cancelling "accrued arrearages" without the approval of the department contrary to the clear wording of La.R.S. 46:236.1. Accordingly, I respectfully dissent.
NOTES
[1] R.S. 46:236.1 I provides in part:

"In all cases in which support rights have been assigned to the department as a condition of eligibility for AFDC, and in all civil or criminal or juvenile support proceedings initiated by the department in its own behalf or on behalf of a non-AFDC applicant to obtain an order, judgment, or agreement of support, or to recoup support payments against the responsible person, the court shall not cancel any accured arrearages unless the department, through the SES Administrator, has determined that there is no reasonable possibility of collecting the arrearages." (Emphasis supplied.)