PRICE, Judge.
Defendant, Felix Bracy, was granted a writ of review from his conviction of criminal neglect of family in violation of La.R.S. 14:74(A)(3). Defendant was sentenced to six months imprisonment without hard labor. The execution of sentence was suspended and defendant was placed on probation for a period of three years with the special condition that he pay $50 per month child support. *886 Defendant assigns as error the failure of the state to prove the necessary criminal intent on his part to sustain a conviction for criminal neglect of family. We find merit in defendant’s argument and reverse the conviction for the reasons assigned.
FACTS
On September 13, 1982, a petition was filed against defendant by the State of Louisiana to have defendant declared the biological father of Marcus Johnson, the 12-year-old child of Juanita Bryant. The action was filed in the Fourth District Court of Ouachita Parish pursuant to La. R.S. 46:236 et seq. Defendant was served personally in Caddo Parish on September 21,1982. He did not answer the petition or appear personally in court. A preliminary default entered on November 8, 1982, was confirmed on November 22,1982, and judgment rendered declaring defendant the biological father of Marcus Johnson. No notice of judgment was served on defendant.
On March 15, 1983, a bill of information was filed charging defendant with unlawfully and intentionally failing to support the minor child Marcus Johnson for the period between December 1, 1982, and February 1, 1983. On trial defendant testified he had not seen Juanita Bryant for approximately 14 years and was unaware of the existence of Marcus Johnson. During this period defendant lived in Shreveport with his wife and two children. Juanita Bryant and the child, Marcus Johnson, resided in Monroe. It was admitted by Juanita Bryant that no demands were ever made by her upon defendant for any support for Marcus Johnson.
ISSUE
Is constructive notice of rendition of judgment by default declaring defendant the biological father of the subject child sufficient to establish the requisite criminal intent on the part-of defendant?
LAW
La.R.S. 14:74(A) in pertinent part provides:
Criminal neglect of family is the desertion or intentional non support:
[[Image here]]
(3) by either parent of his minor child who is in destitute or necessitous circumstances, there being a duty established by this Section for either parent to support his child. The parents shall have this duty without regard to the reasons and irrespective of the causes of his living separate from the other parent. The duty established by this Section shall apply retrospectively to all children born prior to the effective date of this Section.
The element of intent is an essential ingredient of the offense of criminal neglect of family. State v. Moran, 400 So.2d 1359 (La.1981). General criminal intent is defined in La.R.S. 14:10(2) as follows:
General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
DECISION
The state contends the personal service on defendant of the petition and accompanying citation placed defendant on notice that he was alleged to be the father of the child Marcus and that judgment against him would be rendered in due course if he took no action to defend the proceeding. The state therefore contends this constructive notice is sufficient to supply the necessary intent to support defendant’s conviction.
We cannot agree with this argument. The mere fact that the law does not require the service of a notice of a default judgment on a defendant who has been personally served with the initial citation in a civil proceeding does not mean that the law confers upon the defendant actual knowledge of the judgment’s rendition. We feel that in the instant case, defend *887 ants actual knowledge of the paternity judgment rendered against him would be necessary in order for him to form the requisite criminal intent — i.e. to advert to the prescribed criminal consequences as reasonably certain to follow his failure to pay support for Marcus.
In view of the defendant’s testimony that he was never aware of the birth of the child and that no request had been made by the mother for support during all these years, he could reasonably believe that the allegations could not be proven and that there was no necessity for him to take affirmative steps to defend the proceeding. Furthermore, no demand was made by the state on defendant following rendition of the judgment for compliance with the obligation of support for the minor created by the judgment.
The circumstances presented in this instance do not show beyond a reasonable doubt that defendant’s failure to support the minor child during the two-month period immediately following rendition of the default paternity judgment was intentional.
The judgment is reversed, and the matter is remanded with instructions to grant a judgment of acquittal.
REVERSED and REMANDED.