LOBRANO, Judge.
The State of Louisiana appeals the Juvenile Court’s decision to decrease arrearages owed by Dwight Williams under a court ordered child support decree.
This court must determine whether a defendant found guilty under La.R.S. 14:74 of criminal neglect of family and ordered to pay an in globo amount for the support of his children is required to seek a court ordered reduction as each child reaches majority.
FACTS:
This proceeding in juvenile court commenced as a prosecution of Dwight Williams (Williams) under La.R.S. 14:74 for criminal neglect of family. The State filed a bill of information on June 25, 1982 charging Williams with failure to support his four daughters. On September 7, 1982, the Juvenile Court found Williams guilty, and in lieu of sentencing ordered payment of $30.00 per week for the children’s support.
On January 12, 1989, Williams was ruled into court on a show cause order for failure to abide by the judgment of September 7, 1982. The Juvenile Court found the defendant $9,397.14 in arrears. The support provisions of September 7, 1982 were modified to provide that Williams was to pay $30.00 per month for current support, and $70.00 per month towards the arrearage. The matter was reset for August 24, 1989, but was continued to October 26, 1989.
On October 26, 1989, the Court entered judgment finding Williams $6,727.14 in arrears. However, the Court also found that since Williams’ four children had all reached the age of majority at various times during the seven year period since the initial award, Williams was entitled to a credit retroactive to the date each child reached eighteen years of age. Applying the credit to the arrears, the Court held that the defendant owed $176.48.[1] The State objected to the credits given and perfects this appeal. We affirm.
La.R.S. 14:74.D(2) provides:
“... the court may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court may direct.... The amount of support as set by the court may be increased or decreased by the court as the circumstances may require.” (emphasis added)
The Louisiana Supreme Court reviewed an application of La.R.S. 14:74 in a case similar to the one before us in State v. Johnson, 412 So.2d 602 (La.1982). There, as here, the defendant failed to meet his La.R.S. 14:74 child support obligations. At a hearing held pursuant to a rule for contempt, the trial court found that the defendant had been unemployed during an eight week period. The trial court held that the *756 defendant should be given a credit against his support obligations for this eight week period.
As in this case, the defendant in Johnson had not filed a motion for reduction of support payments. The State argued, among other things, that the trial judge could not modify a La.R.S. 14:74 support judgment where the defendant did not file a motion to reduce support payments. Recognizing that the trial court had found defendant not guilty of intentional nonsupport during the eight week period of unemployment, the Supreme Court held that, “[t]he judge’s ruling therefore did not cancel any valid arrearages, but simply decreed that no payments were validly due under the criminal statutes during that eight week period, irrespective of defendant’s failure to file pleadings requesting suspension of payments.” Johnson, 412 So.2d at 604 (emphasis added).
In two recent cases before this court, we upheld retroactive reductions of in globo La.R.S. 14:74 child support awards where it was determined, after initial findings of neglect of family, that the defendants were in fact not criminally liable because they were not the biological fathers of the children involved. State v. Sylvester, 581 So.2d 361 (La.App. 4th Cir.1991); State v. Prosper, 580 So.2d 1085 (La.App. 4th Cir. 1991).
In the present case, the trial court found that,
“[a]t the points in time when each of the four Williams’ children attained majority, the defendant could no longer be held liable for criminal neglect of each specified child. Accordingly, an in globo reduction in child support retroactive to the time when each child reached the age of majority was warranted. To pursue any other course of action would be to subject the defendant to liability for a crime which he did not commit.” (emphasis added)
Thus, the court specifically held, as did the court in Johnson, that the defendant was not criminally liable during the periods for which the court gave the defendant credits against his La.R.S. 14:74 child support obligation. We find no error in this reasoning.
La.R.S. 14:74.A(l)(b) defines criminal neglect of family as “desertion or intentional nonsupport ... [b]y either parent of his minor child.” (emphasis added) In State v. Jordan, 283 So.2d 223 (La.1973), the Supreme Court recognized that, “[a] genuine construction of La.R.S. 14:74 requires us to recognize that the crime of criminal neglect of family is committed only when a person deserts or intentionally fails to support ... a minor child who is destitute or in necessitous circumstances.” Id. at 225 (emphasis original). Thus, under the plain wording of La.R.S. 14:74, Williams was not guilty of criminal neglect of family as of the time each child reached majority.
Following the Supreme Court’s rationale in Johnson, supra, we conclude that it was not necessary for Williams to request a reduction every time a child reached majority.
The State argues that La.R.S. 9:309(B) is applicable to these proceedings. That statute provides:
“When an order or judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award when the youngest child for whose benefit the award was made attains the age of majority.”
The State urges that this civil statute prohibits the juvenile judge from retroactively changing court ordered in globo child support payments as of the age of majority unless the defendant specifically moved for a reduction of same. In support of its position, the State cites Collier v. Collier, 516 So.2d 1157 (La.App. 4th Cir.1987), writ denied 519 So.2d 145 (La.1988) wherein this Court, citing La.R.S. 9:309(B), held that an in globo award of child support does not automatically terminate on a pro rata basis as each child reaches majority. The State urges that since neither the Code of Juvenile Procedure nor the Code of Criminal Procedure address the issue of modification of an in globo support decree, La.R.S. 9:309 *757 and its interpretation in Collier should be applicable to this criminal proceeding. We disagree.
This court has previously held that in La.R.S. 14:74 proceedings, the applicable procedural and substantive law is the criminal law. Sylvester, supra; Prosper, supra; State v. Donsereaux, 496 So.2d 423. (La. App. 4th Cir.1986). While civil statutes such as La.R.S. 9:309 might be applicable to La.R.S. 14:74 proceedings where there is a gap in the criminal law, we see no such gap on the issue before us. La.R.S. 14:74 D(2) specifically grants a trial court authority to decrease support awards “as the circumstances may require.” We conclude that sufficient circumstances do exist when a defendant can no longer be criminally liable under La.R.S. 14:74.
For the above reasons we find no trial court error and affirm the judgment.
AFFIRMED.

. The judgment provides that all arrears are owed to the office of Family Services, Department of Health and Human Resources, since the complainant had been receiving Aid to Families with Dependant Children (AFDC) under La.R.S. 46:236.1.