KLEES, Judge.
The State of Louisiana appeals the juvenile court’s judgment decreasing arrearag-es owed by defendant, Mark Alex Jones, under a court ordered child support award. The sole issue on appeal is whether the juvenile court erred in crediting the arrear-ages that became due during periods of time that the defendant was incarcerated.
These proceedings began when Mark Jones was charged by bill of information with criminal neglect of family in violation of LSA-R.S. 14:74. Jones was found guilty of failing to support his minor children, Landrell N. Jones and Mark Henderson, and was ordered by the court to pay $10 per week for support and court costs. Five months later, after Jones failed to make the ordered payments, he was ruled into court for a contempt hearing. After the hearing, the court found Jones in contempt with accumulated arrearages totaling $1,541.85 in support and $74.65 in court costs; however, Jones was given a credit for $506.65, representing the payments that became due during periods that he was incarcerated. The State objected to these credits and perfected this appeal.
On appeal, the State argues that incarceration is not an acceptable justification for crediting Jones’ arrearages. In support of this argument, the State cites State v. Nelson, 587 So.2d 176 (La.App. 4th Cir.1991), a case that dealt with a defendant who was delinquent in support payments set forth in a LSA-R.S. 14:75.2 consent order. The Nelson Court refused to credit the defendant’s arrearages for the period that he was incarcerated. In so holding, the Nelson Court determined that the parental obligation of support is not excusable except for fortuitous events, and since incarceration is not a fortuitous event, but rather a result of the defendant’s voluntary actions, it may not excuse the defendant’s support obligation. Secondly, the court found that the fact that the defendant is incarcerated does not necessarily mean that he is unable to pay child support. The State argues that the rationale used in Nelson to refuse giving credit to the defendant’s arrearages is applicable in the instant case. We disagree with this analysis.
The Supreme Court in State v. Johnson, 412 So.2d 602 (La.1982), pointed out that a *562 parent’s civil obligation to support his children is separate and distinct from the criminal sanctions at issue in R.S. 14:74 proceedings. In essence, the Nelson Court determined that incarceration, especially when it arose from the defendant’s failure to meet payments, is not a valid justification to avoid the civil obligation of support. However, the issue in the instant case is whether incarceration is a valid justification to credit arrearages due under a support award ordered as a sanction after conviction for criminal neglect of family. In the instant case, the juvenile court found that Jones was unable to provide support during the time of his incarceration, and therefore, Jones lacked the requisite criminal intent to be liable for intentional nonsupport. Johnson, 412 So.2d at 604, citing, State v. Moran, 400 So.2d 1359 (La.1981). We find no manifest error in these findings, and the resulting credits.
The State next argues that the juvenile court’s reduction of support payments due in arrears was contrary to a Louisiana policy prohibiting retroactive reduction of accumulated payments. However, an examination of recent jurisprudence demonstrates that retroactive reductions are allowed when it is found that the payments reduced were not validly due. In Johnson, supra, the Supreme Court upheld a trial court’s retroactive reduction of a R.S. 14:74 support order upon a finding that the defendant was unemployed and had no income during the period in question. The Court noted that when a defendant is not guilty of intentional nonsupport, the reduction does not cancel any valid arrearages, but merely decreed that no payments were validly due under the criminal statutes during that time. The Fourth Circuit has followed this rationale and upheld retroactive reductions of R.S. 14:74 support awards on several occasions when the circumstances changed so that the defendants could no longer be found guilty of intentional nonsupport. See, State v. Sylvester, 581 So.2d 361 (La.App. 4th Cir.1991) and State v. Prosper, 580 So.2d 1085 (La. App. 4th Cir.1991), writ denied, 590 So.2d 84 (La.1991) (Retroactive reductions of R.S. 14:74 support awards were upheld where the trial court determined, after initial findings of neglect, that the defendants were no longer criminally liable because they were not the biological fathers of the children involved.); State v. Williams, 588 So.2d 754 (La.App. 4th Cir.1991) (A retroactive reduction of a R.S. 14:74 award was upheld where the trial court determined, after initial findings of neglect, that the defendant was no longer criminally liable because the children involved had reached the age of majority.)
In the instant case, the juvenile court credited Jones’ arrearages after questioning him about his employment history and the periods that he was incarcerated. The court determined in light of the defendant’s current circumstances, he could not be found guilty of intentional nonsupport during the periods of time that he was incarcerated. We find that the trial court was correct in crediting the defendant’s arrear-ages. Because there is discrepancy as to the correct dates that the defendant was incarcerated, this matter is remanded for a determination of the dates that Jones was incarcerated and a calculation of the credit due based on the findings.

AFFIRMED IN PART AND REMANDED IN PART.