I LAUNDERS, Judge.
The State of Louisiana, on behalf of Judith A. Hastings, filed a Rule to Show Cause for Contempt and past due child support on behalf of Judith A. Hastings. The Hearing Officer applied all of Mr. Hastings’ partial payments to his current child support obligation. Because no payments had been made on the past due child support arrears, the Officer held that La.Civ.Code art. 3501.1 is not applied retroactively and therefore defendant’s adjudicated arrears have prescribed. The Ninth Judicial District Court, Parish of' Rapides, F. Rae Swent, upheld the findings and conclusions of the Hearing Officer. The State of Louisiana, on behalf of Judith A. Hasting, appeals the judgment of the district court.
We reverse the Hearing Officers’s finding that no payments were made to the *1085 past due child support arrears and remand the matter to the trial court for further determination of the amount owed on the past due arrears.
FACTS AND PROCEDURAL HISTORY
The defendant, Herbert H. Hastings, is the father of two children, Jessica Lynn Hastings, and Madelyn Anne Hastings. On August 23rd, 1982, Judith and Herbert Hastings obtained a divorce decree from Gregg County, Texas. In this divorce decree, Mr. Hastings was ordered to pay the amount of three hundred -fifty dollars ($350.00) per month in child support.
In September of 1984 Judith Hastings filed a petition in Colfax County, Nebraska, where she was residing, to recover unpaid child support. Mr. Hastings had made no child support payments since the 1982 divorce decree was issued ordering him to pay three hundred fifty ($350.00) dollars a month in child support. The Nebraska court transmitted the relevant documents to the District Court of Rapides Parish, believing that the Louisiana court would be able to obtain jurisdiction over | ¡¡Mr. Hastings and his property.
In January of 1987 Mr. Hastings entered into a stipulation with the state of Louisiana, agreeing to pay the amount of three hundred fifty dollars ($350.00) per month in child support beginning in February of that year. At that time the total amount owed on his past due child support arrears and the new repayment schedule were left to be determined later. To this point, Mr. Hastings had continued to ignore his child support obligation and failed to make any payments on his past due child support arrears.
In March of 1987 Mr. Hastings filed a Motion to Amend Judgment in the Ninth Judicial District Court seeking reduction of his child support obligation due to unemployment. The court reduced Mr. Hastings child support payments to one hundred dollars per month ($100.00) from May 1, 1987, through November 1, 1987. In a later consent judgment by the Ninth Judicial District Court, the amount of child support was reduced to one hundred fifty dollars ($150.00) per month, beginning October 1, 1987. In this judgment, Mr. Hastings acknowledged child support arrears of $21,800.00 and agreed to make an additional fifty dollar ($50.00) per month payment on those arrears.
Mr. Hastings £>aid the full two hundred dollars per month ($200.00) until June of 1992 when he suffered a heart attack, which resulted in his loss of employment. The record shows that Mr. Hastings began to make somewhat regular fifty dollar ($50.00) per month payments beginning in March of 1993, and continuing through October of 1996. In October of 1996 Mr. Hastings again discontinued all payments, and, with the exception of one payment of $96.00 in April of 1997, no further payments were made on either the current child support obligation or the past due Lchild support arrears.
Claiming that the defendant had not made payments on either obligation since 1997, and that the total amount of child support arrears was $24,062.00, the State of Louisiana filed a Rule to Show Cause for Contempt and Past Due Support on behalf of Judith A. Hastings. The defendant was served on April 17, 2001, and a hearing was held on June 13, 2001. The Hearings Officer issued Written Recommendations for Judgment on June 25, 2001, and made the following recommendations:
1) That the applicable prescription statute is La.Civ.Code art. 3497.1, which states a five year prescriptive period.
2) That the defendant never made any payment in his 1987 adjudicated arrears, nor was prescription interrupted, therefore those arrears have prescribed.
*1086 3) That the defendant made payment on his child support obligation within the last five years, and therefore that obligation has not prescribed.
The State of Louisiana, on behalf of Mrs. Hastings, requested a de novo review of the Hearing Officer’s ruling. In the written Reasons for Judgment, the court accepted the findings and conclusions of the Hearing Officer and affirmed the Officer’s recommendations.
LAW AND ANALYSIS
Our decision in this case necessarily turns on Mr Hastings’ fifty dollar monthly payments from June of 1992 until October of 1997. Mr. Hastings claims that under La.Civ.Code art. 1864 those payments were imputed to the current child support obligation. Under article 1864:
An obligor who owes several debts to an obligee has the right to impute payment to the debt he intends to pay.
The obligor’s intent to pay a certain debt may be expressed at the time of payment or may be inferred from circumstances known to the | ¿obligee.
Mr. Hastings did not expressly impute these payments to his ongoing child support obligation. He argues, however, that the payments are impliedly imputed to the current child support obligation under La. Civ.Code art. 1868, which states in pertinent part:
When the parties have made no imputation, payment must be imputed to the debt that is already due.
[[Image here]]
If several secured debts bear no interest, payment must be imputed to the debt that, because of the nature of the security, is most burdensome to the obli-gor.
If the obligor had the same interest in paying all debts, payment must be imputed to the debt that became due first.
If all debts are of the same nature and became due at the same time, payment must be proportionally imputed to all.
Mr. Hastings argues that the Louisiana Supreme Court’s decision in State v. Moran, 400 So.2d 1359 (1981), establishes that Mr. Hastings’ payments must be imputed to his current child support obligation. Mr. Hastings bases this conclusion on a statement made by the court in footnote 1 of the Moran opinion.
Even if the civil law were applicable, the imputation is arguably incorrect. C.C. art. 2166 requires imputation of the debt which the debtor at the time of payment had most interest in discharging. Since a parent is subject to criminal sanctions for current failure to support his child, it must be presumed that defendant had most interest in discharging his current support obligation, in order to avoid criminal penalties.
Moran, 400 So.2d at 1362 n. 1. As with all opinion footnotes, it is necessary to determine whether the contents of the footnote present an actual determination of law by the issuing court, or rather mere dicta. In this case, although it is easy to understand Mr. Hastings’ desire to apply the statement in footnote 1 to his circumstance as determinative, for the reasons stated below we believe the footnote |Bis merely dicta, and as such, not controlling in this case.
As in the present case, the defendant in Moran had past due child support arrears as well as a current and ongoing child support obligation. When the defendant became unable to make full payment on both obligations he proceeded to make partial and sporadic payments with no express imputation of the payments to any particular debt. The trial court imputed the defendant’s payments to his child support arrears rather than to his current *1087 child support obligation. After making this imputation, the trial court concluded that the defendant had made no child support payments during 1980 and found him guilty of criminal neglect of family. The decision of the supreme court in Moran dealt specifically with the defendant’s criminal liability, determining the proof of the elements of the crime listed in the criminal statutes.
According to Mr. Hastings, the Moran court’s imputation of all payments to the defendant’s current child support obligation requires this court to similarly impute his payments to his current child support rather than to his arrears. This is not necessarily true. There are inherent differences between criminal cases and civil actions, which make it possible for similar fact patterns to result in dissimilar results. The court’s imputation of the defendant’s payments in Moran was a reflection of the prosecution’s failure to prove beyond a reasonable doubt that the defendant was able, but unwilling, to comply with his financial obligations. Simply put, the court in Moran merely held that the state failed to meet its burden of proving that the defendant had intentionally failed to support his child while having the financial means to do so.
The principles of equity which motivate the implied imputation of a payment to a specific debt, and the burdens of proof held by the parties, are necessarily [fidifferent in a criminal case than they are in a civil action. In a criminal case it is the prosecution’s burden to prove the elements of the crime beyond a reasonable doubt. In a civil context, the party asserting the exception of prescription must bear the burden of proving that the statutory prescription period has run uninterrupted. Principles of equity as well as statutory law require that, where possible, a payment is imputed to the debt first due. See La.Civ.Code art. 1868. This imputation protects creditors from the prescription of a debt where a debtor is financially unable to pay all debts due.
Mr. Hastings seizes upon the language in article 1868, which states that a payment must be imputed to the debt most burdensome to the obligor. We note that the supreme court generalized the statutory language of article 1868 in the Moran opinion, interpreting the language of the article to automatically impute an obligor’s payment where any type of burden falls on the obligor. The language of article 1868 is not general however. There is no language in article 1868 referring to the burden on the obligor in terms of possible legal action against the obligor for failure to pay a debt. The legislature was quite specific with regards to the types of burdens that qualify an obligor for automatic imputation of a payment. Both provisions of article 1868 that require imputation to the debt “most burdensome to the obligor” refer only to instances where multiple debts either bear interest or are secured. In these cases, the burden on the obligor is specifically referred to in terms of the nature of that security, or the rate of interest on the debt.
In the present case, Mr. Hastings is not dealing with a security interest, or with interest rates. Therefore, we must move to the next imputation rule provided in the article. This next imputation rule is based in equity and clearly disfavors prescription. |7Article 1868 is clear that where multiple non-secured debts bear no interest, as is the case here, the “payment must be imputed to the debt that became due first.” La.Civ.Code art. 1868. In light of this clear legislative intent disfavoring prescription, we do not feel that it was the goal of the legislature to allow use of article 1868 to avoid financial obligations for child support through questionable imputation of payments, particularly where that imputation would absolve a parent of their *1088 financial responsibilities entirely through prescription.
We therefore find that correct application of article 1868 requires imputation of Mr. Hastings’ fifty dollar payments to the debt which first came due. In this case, that is the past due child support arrears. For the reasons outlined here, we reach a different conclusion on the matter of imputation in this civil action than the court reached in the criminal context of the Moran case.
DECREE
We find that the hearing officer erred in imputing the defendant’s payments from June of 1992 through October of 1997 to his then current and ongoing child support obligation. There is no prescription of the appellant’s child support arrears. We reverse the trial court’s grant of exception of prescription and remand the case for further proceedings consistent herewith. All costs of this appeal are assigned to Mr. Hastings.
REVERSED AND REMANDED.
AMY, J., dissents and assigns written reasons.
GREMILLION, J., dissents for the reasons assigned by AMY, J.