516 So.2d 1157 (1987)
Sheryl Diane Seiler COLLIER
v.
Wayne Ashton COLLIER.
No. CA-7801.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
On Rehearings December 15, 1987.
Rehearing Denied January 14, 1988.
Writ Denied February 12, 1988.
Edmund T. Wegener, Jr., Robert L. Rawls, Oster & Wegener, New Orleans, for plaintiff-appellant.
Wayne A. Collier, New Orleans, in pro. per.
Before GARRISON, WARD and ARMSTRONG, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court, providing as follows:
"When after hearing the pleadings, evidence and argument of counsel, the Court considering the law and evidence to be in favor of defendant-in-rule.
IT IS ORDERED, ADJUDGED AND DECREED that:

*1158 1. There be judgment herein for defendant-in-rule, Wayne A. Collier and against plaintiff-in-rule, Sheryl Collier.
2. This Court finds that the child support payments in Judgment of Divorce between these parties is not an in globo award and also is easily calculable as a specific award for each of the three minor children at $150.00 per month for each minor child for a total of $450.00 per month.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:
1. There is no arrearage on child support due and owing plaintiff-in-rule, Mrs. Sheryl Seiler Collier (Knouse).
Plaintiff-in-rule shall bear all costs for these proceedings."
In the original support judgment, the noncustodial parent was ordered to pay child support as follows:
"... child support for the support of the three minor children in the sum of Four Hundred Fifty Dollars ($450.00) per month."
The above language is an in globo award. The other type of award language possible is a "specific amount per child." If the judgment had read as follows it would have been a "specific amount per child":
"... child support in the amount of One Hundred Fifty ($150.00) Dollars per month for Karron Elizabeth Collier and One Hundred Fifty ($150.00) Dollars per month for Colleen Melissa Collier, and One Hundred Fifty ($150.00) Dollars per month for Cayne Ashton Collier."

OR
"... child support for the three minor children in the amount of One Hundred Fifty ($150.00) Dollars per child."
Thus it is apparent that the child support provision at issue is an in globo award.
R.S. 9:309 provides as follows:
"A. When an order or judgment awards child support in a specific amount per child, said child support for said child shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award upon said child's attaining the age of majority.
B. When an order or judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award when the youngest child for whose benefit the award was made attains the the age of majority.
C. An order or judgment of child support may continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. The major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection." (emphasis added)
Thus an in globo award does not automatically reduce when any one of the children reaches the age of majority, but only when the youngest child reaches majority. In the instant case Karron Elizabeth Collier is the oldest child and Cayne Ashton Collier, born December 6, 1972, is the youngest. Defendant attempted to unilaterally reduce the amount of child support when the oldest child reached majority in contravention of R.S. 9:309(B). This is an error.
An automatic reduction under 9:309(B) does not occur when the oldest reaches majority. Rather the amount of child support remains the same even after the oldest child reaches majority until such time as the obligor moves the court for and is granted a judgment reducing the in globo amount. An obligor can easily prevent payment beyond the date of majority by filing a rule to reduce shortly before the child's birthday and obtaining a judgment dated on or immediately after the child's birthday.
In the instant case, the noncustodial parent unilaterally and without a court *1159 judgment began paying $150.00 per month to the major child directly and simultaneously unilaterally reduced the amount paid to the custodial parent by the same $150.00 per month.
Because the child endorsed the checks over to her mother, the trial court found that no arrearages were owed. We agree that no arrearages were owed in the instant case where the child endorsed the checks over to the mother. However, we specifically do not address the case where the child did not take such action.
Additionally, whether an amount is "calculable" is not the test for determining whether an award is in globo or per child. Indeed, the legislature specifically repudiated such a "calculable" test when it decided not to pass House Bill Number 1126 of the 1981 Session. Thus the trial court judge committed an error of law in Number 2 of her judgment, specifically that the child support payments in the divorce judgment was not an in globo award. We realize, however, that the trial court judge was misled into a false belief that the "calculable" test of HB 1126 had been enacted into law.
Thus it is apparent that the trial court erred in application of the repudiated "calculable" test, that the non-custodial parent erred in unilaterally and without court approval diverting payment, but because the child endorsed the check into the checking account on which her mother was a signator, the instant case has become one of "injuria absque damno". See: Baloney v. Carter, 387 So.2d 54, 63-64 (La.App. 4th, 1980).
Having so concluded, we find that attorneys fees under R.S. 9:305 are not awardable because no arrearage existed. For the reasons discussed the judgment of the district court is amended as follows and, as amended, is affirmed:
"IT IS ORDERED, ADJUDGED AND DECREED that:
1. There be judgment herein for defendant-in-rule, Wayne A. Collier and against plaintiff-in-rule, Sheryl Collier.
2. This Court finds that the child support payments in the Judgment of Divorce between these parties is an in globo award and that the noncustodial parent erred in diverting payment without court approval as required under R.S. 9:309. Because the custodial parent received the payment, however, no arrearages are recoverable.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:
1. There is no arrearage on child support due and owing plaintiff-in-rule, Mrs. Sheryl Seiler Collier (Knouse).
Plaintiff-in-rule shall bear all costs for these proceedings."
AMENDED AND AFFIRMED.
ON REHEARING
In her application for rehearing, Mrs. Knouse points out that the parties stipulated that, if the payments made to Karron Collier are credited to the support obligation, then the arrearages are $825.00. Because the parties had so stipulated, we did not believe it necessary to include this amount in our modification of the Trial Court judgment. Nonetheless, in the interest of clarifying our opinion, we now amend it to conform to the stipulation that Wayne A. Collier owes $825.00 in child support payments, plus interest, to his former wife.