575 So.2d 507 (1991)
STATE of Louisiana, and Gloria Brown
v.
Kim L. JACKSON.
No. 90-CA-633.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1991.
Writ Granted in Part with Order/Denied in Part May 17, 1991.
John M. Mamoulides, Dist. Atty., Jamie Vaverica, Dorothy Pendergast, Asst. Dist. Atty., Louise Korns, of counsel, Gretna, for plaintiff-appellant.
Kim L. Jackson, New Orleans, in pro. per.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal relates to a child support matter wherein the State of Louisiana (the State) appeals the trial court's order that it reimburse the defendant for child support payments erroneously made. We affirm.

ISSUE
The sole question presented is whether the State or the mother should reimburse the payor for child support payments he erroneously made.

FACTS
This matter began as a child support action brought by the State through the *508 Jefferson Parish District Attorney's Office on behalf of Gloria Brown and her daughter, recipients of assistance under the Aid to Families With Dependent Children provisions set forth in La.R.S. 46:231 et seq. By their motion, the State sought child support payments from Kim L. Jackson, the alleged father of the child. On February 25, 1988, Mr. Jackson signed an "Acknowledgment of Children By Father," declaring that he is the father of Kimberly Brown. Thereafter, on March 8, 1988, the trial court entered a Consent Judgment decreeing that Mr. Jackson would pay $25 per week for the support of Kimberly Brown. Additionally, the trial judge signed an "Income Assignment Order" in accordance with La. R.S. 46:236.3 whereby Mr. Jackson's employer was ordered to withhold a portion of Mr. Jackson's income and pay to the Juvenile Court for Jefferson Parish an amount to satisfy Mr. Jackson's support obligation. An additional Income Assignment Order was signed on March 7, 1989, ordering Mr. Jackson's employer to withhold and pay to DHHR (the Department of Health and Human Resources) an amount to satisfy the support obligation.
For awhile after the court's order, Mr. Jackson fulfilled the child support obligation. Subsequently, however, a paternity dispute arose between the parties. On February 5, 1990, the trial court ordered Ms. Brown and Mr. Jackson to undergo blood tests. The test results excluded Mr. Jackson as the biological father of Kimberly Brown. Thereafter, the trial court found Mr. Jackson not to be father of the child and, on motion of the State, dismissed the case. Additionally, the court ordered the State to reimburse Mr. Jackson $1050, the amount of support payments he had made. The State now appeals the latter order, arguing that Ms. Brown, not the State, should be responsible for repayment.

ANALYSIS
La.R.S. 46:236.1 et seq. provides the framework for DHHR to enforce and collect support obligations owed by parents to their children. That statute, in part, states:
E. By accepting AFDC for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving AFDC which has accrued at the time of the certification for AFDC and which accrues during the time AFDC is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created. The applicant or recipient shall also be deemed, without the necessity of signing any document, to have consented to the designation of the department as payee in an initial or amended order of support and to have appointed the SES Program Administrator as his or her true and lawful attorney-in-fact to act in his or her name, place, and stead to perform the specific act of endorsing any and all drafts, checks, money orders, or other negotiable instruments representing support payments which are received on behalf of such individual or his caretaker. The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Section. The provisions of this Section shall apply retrospectively to all support rights assigned, whether by written assignment or by operation of law, prior and subsequent to October 1, 1981.
(Emphasis added.) According to these provisions, the State, through the DHHR, as assignee of the rights to support obligations, is the payee of support payments and, therefore, receives the payments directly from the payor. Under the statute, no payments are made directly to the recipient of support.
*509 Therefore, the State, pursuant to the statute, has been at all times the direct payee of all support payments made by Mr. Jackson. Similarly, the Income Assignment Orders direct all payments to be made to the State through either the Jefferson Parish Juvenile Court or the DHHR. Apparently, all payments received by Ms. Brown have been made to her by the State. In the same vein, we find that, because of the unique nature of this relationship between payor, payee, and recipient, reimbursement due Mr. Jackson should be paid by the State. The State, in turn, is entitled to seek reimbursement from the recipient of the benefits, Ms. Brown. Ergo, we hold the trial court did not err in ordering the State to reimburse Mr. Jackson for payments erroneously made.
For the reasons assigned, the judgment of the trial court is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.