581 So.2d 361 (1991)
STATE of Louisiana
v.
Samuel SYLVESTER.
No. 90-CA-2230.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*362 Harry F. Connick, Dist. Atty., Mary C. Glass, Asst. Dist. Atty., New Orleans, for appellant.
Barry M. Woofter, Metairie, for appellee.
Before BYRNES, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
The State of Louisiana ("State") appeals from a judgment of the trial court which credits child support payments ordered and dismisses the proceedings against defendant, Samuel Sylvester. For the reasons stated below, we affirm in part and reverse in part the judgment of the trial court.

Facts
On January 28, 1985, Samuel Sylvester was charged by bill of information with a violation of La.R.S. 14:74, criminal neglect of family. This charge was based on a complaint brought by Diane Sylvester, who alleged that she was married to defendant from 1971 to 1980 and that she had not received support for the three children born of their marriage: Christian, born March 6, 1972; Lamont, born December 21, 1974; and Janeice, born July 25, 1979.
At his arraignment on April 3, 1986, defendant pled not guilty, and on April 18, 1986, defendant filed several pre-trial motions, including a Motion for Court-Ordered Blood Tests. The record does not indicate whether the court ruled on this motion. Prior to trial, the name of the youngest child, Janeice, was stricken from the bill of information.
Defendant was found guilty as charged on June 26, 1986 and sentencing was deferred until July 31. At the sentencing hearing, defendant consented to contribute $30.00 per week for the support of the two minor children, in addition to costs. He also filed a Motion for New Trial for failure to order blood tests and on October 2, 1986, the trial court suspended ruling on the motion to allow the defense to request the City Attorney's office to pay for the blood test as permitted by La.R.S. 9:396. The court also amended the order of support to require defendant to pay $20.00 per week in child support for the two children.
Defendant failed to pay support on a regular basis, and on January 5, 1989 was held in contempt of court and sentenced to serve three days in jail. During part of this time, the complainant was receiving Aid to Families with Dependent Children, La.R.S. 46:236.1, through the Office of Family Services, and the defendant was ordered in October 1986 to tender the support payment to that department.
The record reflects that on August 30, 1990 defendant was found to be in arrears in the sum of $1500.40 in support plus $75.00 in costs. On that date the court received results of a DNA Fingerprinting Report for Paternity dated July 18, 1990 which was administered on defendant pursuant to a court order in a companion case. The results of this test stated that "It is *363 not possible for Samuel E. Sylvester to be the biological father of Lamont Joseph Sylvester."
Based on this information which disproved paternity of the child Lamont, the court credited defendant's arrearage in the amount of one-half of all support payments which had been ordered for the support of the two children from October 2, 1986, the date the defendant originally denied paternity of Lamont and asked for a blood test. In calculating the credit due, the court determined that the amount of the credit was greater than the outstanding arrearage, and the court ordered the State to refund to defendant the difference between the two. The court then ordered the case dismissed.
The State now appeals from this judgment of the trial court, asserting four assignments of error:
I. The trial court erred in retroactively modifying a court ordered in globo child support award.
II. The defendant was estopped from asserting he was not Lamont's biological father.
III. The right of disavowal of paternity was extinguished by the running of the peremptive time limitation.
IV. The child support payments were in furtherance of a natural obligation of the defendant to support his family.
The trial court, in a per curiam opinion issued on May 6, 1991, stated that the law cited by appellant in support of its assignments applies to orders which are civil in nature, and are not applicable to a criminal proceeding such as this. We agree.
Juvenile law encompasses both civil and criminal law. In this case, we are reviewing proceedings in a criminal prosecution under La.R.S. 14:74 wherein defendant was acquitted of the non-support of the minor child, Lamont. Although nonsupport of a minor child also has civil penalties, the applicable procedural and substantive law here is the criminal law.
In determining that defendant was not responsible for the support of Lamont because he is not his biological father, the juvenile court found him not guilty of the criminal charge as it related to this child. This was a final judgment of acquittal, and the state does not have a right of appeal from this verdict of the trial court. La.C. Cr.P. art. 912.
With regard to the court's order to credit defendant's arrearage, appellant argues that the juvenile court erroneously modified an in globo child support award, citing Collier v. Collier, 516 So.2d 1157 (La.App. 4th Cir.1987) which dealt with a civil order of child support. In a support order issued pursuant to the charge of criminal neglect of family, the trial court may either increase or decrease the amount of the order as the circumstances require. La.R.S. 14:74(D)(2). We find that the trial court's action in reducing the original support order proportionately to reflect that support was not owed by this defendant for one of the children was proper. Based on the circumstances which disproved paternity of Lamont, we find no error of the trial court in crediting to defendant all amounts he had been ordered to pay for this child from the date he challenged paternity.
Appellant next argues that defendant is estopped from asserting he was not Lamont's biological father because the child was a legal issue of defendant's marriage to the complainant, and the defendant was presumed to owe a duty of support.
In relieving defendant of the obligation for support of the minor child Lamont the juvenile court relied on State v. Cornell Jones, 481 So.2d 598 (La.1986). In that case, the Louisiana Supreme Court held that the use of the conclusive presumption that the husband of the mother is the father of the child, La.C.C. art. 184, to prove the essential element of "parenthood" in a prosecution under La.R.S. 14:74(2) "clearly violates the federal and state constitutional guarantees of due process." The court concluded that "the term `parent' in La. R.S. 14:74(2) encompasses only the person who begot or brought forth the child and cannot constitutionally be expanded by interpretation to include a person who is *364 merely presumed in the civil law to be the biological parent." Id., at 601.
The record in this case reflects that defendant pled not guilty to the criminal charge of neglect of family and immediately made a written request for a blood test to determine paternity of the children listed on the bill of information. Although the testing was not performed until several years later, the results conclusively disproved defendant's paternity of the child Lamont. Because defendant was not found to have brought forth the child Lamont, but was only presumed to be his biological father under civil law, the trial court determined that defendant was not responsible for his support and gave defendant credit for support ordered for this child from the date he challenged paternity. Based on the holding in State v. Jones, we cannot say the court was clearly wrong.
Appellant further argues that defendant's request for a paternity test was not timely as it was made after the 180-day peremptive period proscribed for a disavowal of paternity in La.C.C. art. 189, citing Farrell v. Farrell, 555 So.2d 39 (La. App. 1st Cir.1989.) However, this article applies to civil actions and is not applicable to this criminal prosecution for neglect of family.
Likewise, the State's argument that defendant had a natural obligation to support this child is a civil law concept and cannot be used as a means to require the payment of child support pursuant to a criminal proceeding.
Finally, we address the court's order that the State refund to defendant the difference between the arrearage owed by defendant on August 30, 1990, and the credit the court determined was due to defendant based on the lack of paternity. The court calculated this difference, and ordered that the "State refund to Mr. Sylvester the sum of $640.40."
Our review of the record indicates that the State of Louisiana through the Department of Health and Human Resources ("DHHR") was not named as a party defendant in these proceedings. Rather, this was a criminal prosecution brought by the State against defendant, Samuel Sylvester. We are aware of no precedent which would allow a party not cited or served to be cast in judgment. Accordingly, we find that the action of the trial court in ordering DHHR through the Office of Family Services to refund $640.40 to Samuel Sylvester to be an absolute nullity and vacate that order.
In its per curiam opinion dated May 6, 1991, the trial court relied on the recent case of State v. Jackson, 575 So.2d 507 (La.App. 5th Cir.1991) which affirmed a ruling of the trial court which orders the State to reimburse the defendant for the child support payments made for a child who was determined not to be his biological daughter. However, a writ application from this decision to the Louisiana Supreme Court has been filed, although no action has yet been taken by that Court. To the extent that State v. Jackson differs from our holding herein, we decline to follow it.
We conclude that in ordering reimbursement by the State, the juvenile court exceeded its authority and that portion of the judgment is hereby reversed and vacated.
Accordingly, that portion of the judgment of the trial court which dismisses the charges against defendant and credits defendant by the amount of support ordered for the child Lamont from October 2, 1986 is affirmed. We reverse and vacate that portion of the judgment which orders the State, DHHR through the Office of Family Services, to refund to defendant the amount of $640.40. All costs of this appeal are to be borne by appellant.
AFFIRMED IN PART; REVERSED IN PART, AND VACATED.