580 So.2d 1085 (1991)
STATE of Louisiana
v.
Darrel PROSPER.
No. 90-CA-2231.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1086 Harry F. Connick, Dist. Atty., Mary C. Glass, Asst. Dist. Atty., New Orleans, for appellant.
Before BYRNES, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
This appeal relates to a child support matter wherein the State of Louisiana ("State") appeals the trial court's order which credits child support payments allegedly owed by defendant, Darrel Prosper. We affirm.

Facts
On September 24, 1979, Darrel Prosper was charged by bill of information with a violation of LSA-R.S. 14:74, criminal neglect of family. This charge was based on a complaint brought by Patricia Sudderth, who alleged that she and Prosper were married on July 6, 1966 and divorced on November 20, 1973. Three children were born during the couple's marriage, Patricia Prosper, born September 26, 1966; Darrell Prosper, born May 25, 1968; and Tippi Prosper, born June 15, 1973. Ms. Sudderth alleged that she had not received child support from defendant since the divorce.
On October 12, 1979, defendant was ordered to pay $60.00 for each bi-weekly period for the support of the three children, in addition to $3.00 bi-weekly in costs. The order was subsequently amended to reflect that the two older children had reached the age of majority, and on June 5, 1986 defendant was ordered to pay $20.00 per week, in addition to costs, for the support of the minor child, Tippi.
*1087 Defendant failed to timely pay child support in accordance with both orders, and the total arrearage owed as of November 1989 was $10,190.52. Ms. Sudderth had been receiving Aid to Families with Dependent Children, La.R.S. 46:236.1 et seq., during part of this time, and the total amount of reimbursement owed to the State as a result of the AFDC payments was $5,868.63, as of November 16, 1989. The remainder of the arrearages, $4,321.89, were owed to Ms. Sudderth.
On November 16, 1989 defendant requested that blood tests be administered to determine the paternity of Tippi. The results of the blood testing confirmed that defendant was excluded as the biological father of the child, Tippi. As a result of this information, the trial court on June 22, 1990 suspended the ongoing child support order and gave defendant credit to the arrearages from the date he challenged paternity, November 16, 1989.
Thereafter, on October 18, 1990, the court amended its previous orders to give the defendant credit for all support ordered for the child, Tippi, from the date of the original support order. The court calculated this amount by crediting $20.00 or one-third of the original $60.00 support order, and crediting the entire order of June 5, 1986, which applied only to the support of Tippi.
The trial court further calculated the arrearages still owed by the defendant as a result of the order to support the two older children, which amount was determined to be $3,132.00. A deficiency judgment in this amount was rendered by the court. The State now appeals from this judgment of the trial court.
With regard to the court's order to credit defendant's support payments originally ordered, the State asserts five assignments of error:
I. The trial court erred in retroactively modifying a court ordered in globo child support award.
II. The defendant was estopped from asserting he was not Tippi's biological father.
III. The right of disavowal of paternity was extinguished by the running of the peremptive time limitation.
IV. The child support payments at issue were in futherance of a natural obligation of defendant to support his family.
V. In the alternative, if defendant is entitled to credit for child support payments, then he is only entitled from the date the State was put on notice of his intent to challenge paternity.
The trial court, in a per curiam opinion issued on May 6, 1991, stated that the law cited by appellant in support of its assignments applies to orders which are civil in nature, and are not applicable to a criminal proceeding such as this. We agree.
Juvenile law encompasses both civil and criminal law. In this case, we are reviewing proceedings in a criminal prosecution under La.R.S. 14:74 wherein defendant was acquitted of the non-support of the minor child, Tippi Prosper. Although non-support of a minor child also has civil penalties, the applicable procedural and substantive law here is the criminal law.
In determining that defendant was not responsible for the support of Tippi because he is not her biological father, the juvenile court found him not guilty of the criminal charge as it related to this child. This was a final judgment of acquittal, and the state does not have a right of appeal from this verdict of the trial court. La.C. Cr.P. art. 912.
Appellant argues that the juvenile court erroneously modified a in globo child support award, citing Collier v. Collier, 516 So.2d 1157 (La.App. 4 Cir.1987), which dealt with a civil order of child support. In a support order issued pursuant to the charge of criminal neglect of family, the trial court may either increase or decrease the amount of the order as the circumstances require. La.R.S. 14:74(D)(2). We find that the trial court's action in reducing the original support order proportionately to reflect that support was not owed by this defendant for one of the children was proper. Once it had been determined that *1088 defendant could not be the father of Tippi, we find no error of the trial court in crediting to defendant all amounts which he had been originally ordered to pay for her support.
In relieving defendant of any obligation for support of the minor child Tippi because he was not her biological father, the juvenile court relied on State v. Cornell Jones, 481 So.2d 598 (La.1986). In that case, the Louisiana Supreme Court held that the use of the conclusive presumption that the husband of the mother is the father of the child, La.C.C. art. 184, to prove the essential element of "parenthood" in a prosecution under La.R.S. 14:74 "clearly violates the federal and state constitutional guarantees of due process." The court concluded that "the term `parent' in La. R.S. 14:74(2) encompasses only the persons who begot or brought forth the child and cannot constitutionally be expanded by interpretation to include a person who is merely presumed in the civil law to be the biological parent." Because defendant was not found to have brought forth the child Tippi, but was only presumed to be her biological father under civil law, the trial court determined that defendant was not responsible for her support and gave defendant credit for support ordered for this child from the date of the original order in 1979. Based on the holding in State v. Jones, we cannot say the court was clearly wrong.
Appellant further argues that defendant's request for a paternity test was not timely as it was made after the 180 day peremptive period proscribed for a disavowal of paternity in La.C.C. art. 189, citing Farrell v. Farrell, 555 So.2d 39 (La. App. 1st Cir.1989.) However, this article applies to civil actions and is not applicable to this criminal prosecution for neglect of family.
Likewise, the State's argument that defendant had a natural obligation to support this child is a civil law concept and cannot be used as a means to require the payment of child support pursuant to a criminal proceeding.
For the foregoing reasons, we affirm the judgment of the trial court which credits the arrearage owed by defendant by the total amount of support ordered for the child Tippi. All costs of this appeal are to be borne by appellant.
AFFIRMED.