PLOTKIN, Judge.
FACTS:
Defendant Michael Brisco was charged with criminal neglect of family in violation of LSA-R.S. 14:74 by bill of information dated February 25, 1976, based on charges filed by Plaintiff Eugenia Brisco, who claimed that she had not received support for at least 30 days for the two children born of their marriage: Michael, born July 12, 1966, and Jermaine, born August 24, 1972.
On March 12, 1976, the defendant was convicted of the crime charged. In lieu of a sentence at that time, the defendant was ordered to contribute $30 per week for the support of his children effective March 15, 1976; the record contains no testimony concerning the paternity of the children and the trial judge did not address that issue.
The defendant appeared in court 11 times between March 12, 1976 and October 18, 1990 without ever contesting the paternity of either of the children. The plaintiff appeared in court 13 times between March 12, 1976 and October 18, 1990 without ever stating that the defendant was not Jermaine’s father.
On October 18, 1990, the parties appeared in court on a motion for determination of deficiency judgment filed by the State. On that date and in response to direct questioning, the plaintiff testified *593 that the defendant, Michael Brisco, was not the father of the minor child, Jermaine. She further testified that she had told Welfare Department personnel that Brisco was not the father when she first began receiving welfare and that the district attorney’s office was aware of this information at the commencement of the proceedings, but that contention is not supported by the district attorney’s records. Michael Brisco never denied Jermaine’s paternity at any time prior to October 18, 1990 and he had never requested blood tests disavowing paternity.
Confronted with the mother’s testimony that Jermaine was not the child of the defendant, the trial court granted the motion of counsel to strike Jermaine from the support arrearage calculation and instructed the finance office to calculate the exact remaining arrearages so that the case against Michael Brisco could be fully dismissed on January 17, 1991. On the motion of the defense attorney, the trial judge granted the defendant a credit for payments of $14,387.15 in support plus $719.36 in costs. An additional credit of $7,210.50 in support payments plus $179.36 in costs was granted because Michael attained the age of majority in 1984 and the child support order had never been changed.
On January 17,1991, the Court dismissed this case after determining that the defendant owed no arrearages to the State of Louisiana and in lieu of the plaintiff’s waiver of any arrearages due to her. The State of Louisiana appealed.
ESTOPPEL:
The state argues that the defendant should be estopped from asserting that he was not Jermaine’s biological father because he failed to disavow paternity of the child within 180 days of learning of the birth of the child as required by La.C.C. art. 189.
In State v. Jones, 481 So.2d 598 (La.1986), the Louisiana Supreme Court held that the use of the conclusive presumption that the husband of the mother is the father of the child, La.C.C. art. 184, to prove the essential element of “parenthood” in a prosecution under LSA-R.S. 14:74 “clearly violates the federal and state constitutional guarantees of due process.” The court concluded that the term “parent” in LSA-R.S. 14:74, subd. A(2) encompasses only the persons who begot or brought forth the child and that it cannot constitutionally be expanded by interpretation to include a person who is merely presumed in the civil law to be the biological parent. Id. at 600.
Further, this court held in State v. Prosper, 580 So.2d 1085 (La.App. 4th Cir.), writ denied 590 So.2d 84 (La.1991), that LSA-C.C. Article 189 applies to civil actions and is not applicable to a criminal prosecution for neglect of family. Thus, the defendant is not estopped from asserting that he is not Jermaine’s biological father.
RETROACTIVE MODIFICATION OF AN IN GLOBO CHILD SUPPORT AWARD:
The State asserts that a trial court cannot retroactively modify a court-ordered in globo child support award. LSA-R.S. 9:309(B) provides as follows:
When an order or judgment awards child support in globo for two or more children, said support award shall terminate automatically and without any action by the obligor to reduce, modify or terminate the award when the youngest child for whose benefit the award was made attains the age of majority.
Here, the youngest child, Jermaine, attained the age of majority on August 24, 1990.
The State cites Collier v. Collier, 516 So.2d 1157, 1158 (La.App. 4th Cir.1987), writ denied 519 So.2d 145 (La.1988), in which the court defined an in globo award as one which does not use “specific amount per child” language. The State further asserts that no “specific amount per child” language was used when the defendant was ordered to pay child support, thus making it an in globo award.
Defendant argues that the trial court properly granted the credit. He claims that since the trial court determined that he was not Jermaine’s father, he never had any obligation to support that child. Thus, the defendant says, the arrearages were based upon an obligation that he never owed. Brisco asserts that the trial court’s *594 decision to credit him with the arrearages retroactively and cancel his alleged debt to the state was therefore proper.
Further, the defendant contends that under Louisiana law, where a support order is issued pursuant to a charge of criminal neglect of family, the trial court is statutorily authorized to increase or decrease the amount of the order as circumstances require. LSA-R.S. 14:74. Defendant further argues that this court has recently addressed this same issue citing State v. Prosper, 580 So.2d 1085 (La.App. 4th Cir.), writ denied 590 So.2d 84 (La.1991), and State v. Sylvester, 581 So.2d 361 (La.App. 4th Cir.1991). In both cases, this Court held that when circumstances disproved the paternity of a child, it was appropriate for the trial court to modify the prior in globo award and allow the defendant a credit of all amounts erroneously paid for that child. Prosper, Sylvester. The defendant asserts that this court distinguished Collier in both Prosper and Sylvester because Collier involved a civil order for child support, and thus it should not be applied to a case involving criminal neglect of family.
However, we believe that Prosper and Sylvester are distinguishable from the case at hand. Although many of the facts and legal elements are parallel, one significant factual difference exists. In Prosper and Sylvester, the defendants subjected themselves to tests which proved conclusively that they were not the fathers of the children involved. Unlike those defendants, the defendant in the instant case did not disprove paternity by subjecting himself to blood or DNA testing. Additionally, none of the records in either the district attorney’s office or the welfare department indicate that either Eugenia or Michael Brisco ever told anyone that Michael was not Jermaine’s father.
Considering the factual circumstances, especially the fact that the defendant never challenged paternity prior to October 18, 1990 despite the fact that he appeared in court on numerous occasions, the defendant is not entitled to a credit under the record as it exists. Under the Prosper and Sylvester cases, a defendant seeking a credit for child support paid on behalf of child for which he later contests paternity, is required to prove by clear and convincing evidence that he is not the father of Jermaine. The defendant in this case failed to meet that burden. Thus, the trial court improperly granted the credit.
APPLICABLE LAW:
The State argues that the trial court should have applied civil law instead of criminal law in deciding the defendant’s ease. The State emphasizes that a case for non-payment of previously ordered support and arrearages is civil in nature and should be determined under civil law statutes. However, that argument has no merit because the instant case, like both Prosper and Sylvester, involves criminal proceedings under LSA-R.S. 14:74.
This court has recognized that juvenile law encompasses both civil and criminal law. In Sylvester, this court stated as follows: “Although non-support of a minor child also has civil penalties, the applicable procedural and substantive law here is the criminal law.” Thus, the State’s contention that civil law statutes and concepts should have been applied to the instant case lacks merit.
NATURAL OBLIGATION:
The State’s final argument is that defendant’s child support payments were made in furtherance of his natural obligation to support his family, citing La.C.C. art. 2303. La.C.C. art. 2303, relative to payments on natural obligations, states as follows:
To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery.
Defendant’s support payments were not voluntary, they were made pursuant to court order. This court has previously dismissed this argument because a natural obligation to support a child is a civil law concept and cannot be used as a means to require the payment of child support pursu *595 ant to a criminal proceeding. Prosper. Thus, this argument is meritless.
CONCLUSION:
For the above and foregoing reasons, we reverse and remand this case back to the trial court to allow the defendant an opportunity to conclusively exclude himself as Jermaine’s father by blood or DNA testing.