624 So.2d 30 (1993)
STATE of Louisiana, Appellee,
v.
Roy Edward WILMORE, Jr., Appellant.
No. 25070-JA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
Samuel Thomas, Tallulah, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James David Caldwell, Dist. Atty., Roy Edward *31 Wilmore, Jr., Asst. Dist. Atty., Tallulah, for appellee.
Before MARVIN, SEXTON and VICTORY, JJ.
SEXTON, Judge.
Defendant, Roy Edward Wilmore, Jr., appeals the trial court's judgment which denied him reimbursement from the state of Louisiana for child support payments which he made pursuant to a judgment of paternity which was subsequently dismissed. We affirm.
This matter began as a child support action brought by the state on March 31, 1989, through the Madison Parish District Attorney's Office on behalf of Karen King and her son, recipients of assistance under the Aid to Families with Dependent Children (AFDC) provisions set forth in LSA-R.S. 46:231, et seq. Through the petition, the state sought child support payments from Roy Edward Wilmore, Jr., the alleged father of the child. The defendant did not answer the petition or otherwise appear. A default judgment was signed on February 21, 1990, declaring the defendant to be the biological father of the minor child and ordering him to pay $123 per month in child support, as well as $50 per month on his arrearages. Additionally, the trial court signed an "Income Assignment Order" in accordance with LSA-R.S. 46:236.3 whereby Mr. Wilmore's employer was ordered to withhold a portion of Mr. Wilmore's wages to satisfy the support obligation. The defendant did not seek a new trial or an appeal.
For a time after the court's order, the defendant fulfilled the child support obligation. However, on April 1, 1991, "upon its own motion" the trial court ordered Karen King, her son, and Mr. Wilmore to undergo blood tests. The test results excluded Mr. Wilmore as the biological father. Thereafter, the state filed a motion to dismiss the suit without prejudice. The trial court signed this order on August 29, 1991.[1]
On September 25, 1991, the defendant filed a rule to show cause why he should not be reimbursed for the erroneous child support payments which he made to the state. A hearing was held on November 26, 1991. The parties stipulated that the defendant paid a total of $1215 in child support. On January 23, 1992, the trial court found that the defendant should have proceeded against Karen King in his reimbursement claim since she received the support payments. Thus, since Karen King was not made a defendant in this reimbursement action, the trial court rejected the defendant's reimbursement claim against the state. A final judgment was signed on February 3, 1993, and it is from this judgment that defendant appeals, asserting the trial court erred in failing to order reimbursement for the child support payments which he made to the state.
In its opinion, the trial court noted that the issues in the instant case were extremely similar to those raised in State v. Jackson, 575 So.2d 507 (La.App. 5th Cir.1991). In Jackson, the defendant paid over $1000 in child support pursuant to an acknowledgment of paternity and consent judgment which the defendant had signed. Subsequent blood tests excluded the defendant from being the biological father. The case against the defendant was dismissed, and the trial court ordered the state to reimburse the child support payments which had already been made. The state appealed arguing that the mother, not the state, should be responsible for repayment. After a thorough review of the AFDC provisions, the court of appeal affirmed the trial court's decision ordering the state to reimburse the defendant.
However, in State v. Jackson, 580 So.2d 367 (La.1991), the Louisiana Supreme Court reversed, stating: "That part of the judgment of the juvenile court ordering the state to reimburse Jackson for payments made by him to the state pursuant to an acknowledgment of paternity and consent judgment signed by him is reversed and set aside." Thus, the holding of Jackson seems to indicate that the state cannot be ordered to pay reimbursement under these circumstances. Although the instant case can be distinguished from Jackson by the fact that there *32 is a default judgment of paternity instead of an acknowledgment of paternity, we feel compelled to apply its result in affirming the trial court's judgment.
The record in the instant case indicates that the defendant was personally served with the initial paternity suit, yet he chose not to answer or defend himself. Had the defendant responded to the original suit and asked for blood tests, it seems very unlikely he would have been ordered to pay child support. Instead, a default judgment was taken against the defendant and he paid $1215 in child support pursuant to that judgment. Thus, when the child support payments were made, they were legally owed under a valid final judgment.[2] Based on these facts and the supreme court's ruling in Jackson, we find the trial court did not err in refusing to order the state to reimburse the defendant for the child support payments he made. Accordingly, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Such a dismissal of a definitive final judgment does not appear to be contemplated by the Code of Civil Procedure. LSA-C.C.P. Arts. 1671-1673 and 1844.
[2] A substantive amendment of a final judgment can only be made by timely application for a new trial, LSA-C.C.P. Art. 1971, et seq.; an action for nullity, LSA-C.C.P. Art. 2001, et seq.; or a timely appeal, LSA-C.C.P. Art. 2081, et seq. Bonaventure v. Pourciau, 577 So.2d 742, 745 (La.App. 1st Cir. 1991).