673 So.2d 1247 (1996)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES and Sabrina Moore
v.
Stevie BRADLEY.
No. 95-CA-872.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 1996.
Writ Denied June 28, 1996.
*1248 John M. Mamoulides, District Attorney and Alison Wallis, Asst. District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, for plaintiffs-appellees.
David T. Pick, Greenberg & Dallam, Gretna, for defendant-plaintiff-in-reconvention-appellant.
Before GAUDIN, GRISBAUM and GOTHARD, JJ.
GAUDIN, Judge.
Stevie Bradley paid child support through the state for approximately seven years and then discovered, as a result of DNA paternity blood tests, that the child was not his. Is he entitled to a refund from the state or an offset against future support for a second child that is his? The Juvenile Court in Jefferson Parish said no. We affirm.
In January of 1986, Bradley was summoned to court by Sabrina Moore, who had named him as the father of her child (her first child). Bradley signed a formal acknowledgment, admitting that the child, Steven D. Moore, was his, and he began paying child support by way of a wage assignment payable to the state. In May of 1992, this obligation was terminated by the court.
In 1993, Sabrina Moore named Bradley as the father of her second child, Shannon Moore. Rather than acknowledging this child, Bradley filed a motion to compel blood tests to ascertain the paternity of both children. The tests showed that Bradley was not the father of the first child but that he was the father of Shannon, the second child. In Juvenile Court, Bradley sought a refund from the state for monies paid for support of the first child or a credit for child support due the mother for the benefit of the second child. Bradley has agreed to pay $208.00 per month for support of the second child. He had paid $5,130.96 for support of the first child.
Both Sabrina Moore and the state objected to the blood test relating to the first child inasmuch as Bradley had formally admitted that this child was in fact his. No doubt he could have been the father because of a close relationship with the mother. Over the objections, full blood testing was ordered.
In State v. Jackson, 575 So.2d 507 (La.App. 5 Cir.1991), the juvenile court ordered the state to reimburse monies paid by the alleged father through the state for support of a child later proven to be someone else's. This Court affirmed. The Louisiana Supreme Court, however, at 580 So.2d 367 (La.1991), reversed, saying: "That part of the juvenile court judgment ordering the state to reimburse Jackson for payments made by him to the state pursuant to an acknowledgment of paternity and consent judgment signed by him is reversed and set aside."
Bradley questions the applicability and wisdom of the Supreme Court's decision; we do not.
*1249 Regarding the requested offset, it is clear that the money now being paid is for the support of Bradley's rightful child. It does not seem either fair or equitable to now deprive Shannon Moore of support, thereby penalizing this child for errors Bradley contributed to and participated in believing the first child was his.
AFFIRMED.
GOTHARD J., dissents.
GOTHARD, Judge Dissenting.
I dissent. I believe equity demands that Stevie Bradley be reimbursed for amounts paid in child support for a child that he did not sire. I do not believe State v. Jackson, 575 So.2d 507 (La.App. 5 Cir.1991) prohibits this reimbursement. The issue in Jackson was whether it was the state, or the mother of the child, who would be held responsible for the reimbursement. Although in that case the Louisiana Supreme Court reversed that portion of the judgment which ordered the state to reimburse the putative father for payments made in error, it is not clear that reimbursement cannot come from the mother, either in the form of a direct payment or as a credit against future child support due for the second child.