|, DREW, J.
The State of Louisiana appeals the judgment which ordered the state to refund child support overpayments collected from the father by Support Enforcement Services (SES) pursuant to an income assignment. The overpayments occurred after the 18th birthday of this child who neither resided with nor was dependent on either parent. An award of child support continues for an unmarried child who attains the age of majority as long as the child is a full-time student in good standing in a secondary school, has not yet become 19 years old, and is dependent upon either parent. La. R.S. 9:315.22(C). For the following reasons, we affirm the trial court’s judgment.

FACTS

The pertinent facts are largely undisputed. In November 1994, Derrick Hammond, the father of Shanga Larance Johnson, entered into a stipulated judgment for support of his minor child who was born December 10, 1978 and had his 18th birthday on December 10, 1996. The state concedes that Mr. Hammond’s child support obligation should have ceased in December 1996 if his son, after becoming a major, did not live with and was not dependent on either of his parents.
In October 1996, the state sent a letter to Shanga Johnson’s mother, his custodial parent, asking her if Shanga was still enrolled in high school, and, if so, instructing her to take the form attached to the letter to the high school to have it completed, and then mail the form back to the state so that child support could be extended through his 19th birthday or graduation from high school. In November 1996, the state received the form back from the mother unsigned by the school. The form was then returned to her. Effective December 1996, the child support obligation ended. Because Mr. Hammond’s income assignment was still paying on arrearages, money continued to be collected. The ar-rearages were satisfied, the Lease closed and monies paid over the amount of the arrearages were refunded to the father.
In March 1997, the mother called to find out why she was not receiving child support. As a result of this contact, the necessary form was completed, and on April 15, 1997, the state received a notice from Bastrop High School that Shanga was enrolled there. After a call to the high school verified that he was a student in good standing, the child support obligation was reinstated, retroactive to December 10, 1996. In 1998, the father filed a motion seeking among other relief to terminate the income assignment and for refund of overpayments.
At an October 22, 1998 hearing on Mr. Hammond’s motion, there was conflicting testimony concerning the extent of Mr. Hammond’s efforts to contact the state concerning termination of his child support obligation. Mr. Hammond testified that after Shanga’s 18th birthday, he visited the state agency three or four times and called *816 10 or 12 times seeking relief from the child support payment, but was informed that as long as the child was in high school, Mr. Hammond had to pay until his son was 19. The state admitted Mr. Hammond contacted it in October 1997 and reported Shanga did not live with his mother. No evidence conflicted with the testimony of Shanga Larance Johnson who stated that he had not lived with his mother since before his 18th birthday and that she had given him no type of support since that time. Johnson also stated he earned his own money and was not dependent on either parent after his 18th birthday. He further testified that he stopped going to school in November 1997.
At the conclusion of the October 1998 hearing, the court ordered the state to refund all monies collected by SES after Shanga Johnson turned 18 years old, plus all administrative fees and employee’s handling fees together with legal interest.
| ^DISCUSSION
On appeal, the state challenged this judgment by arguing that once the state has taken the necessary steps to verify whether or not an 18-year-old child is in secondary school and in good standing, it becomes the duty of the parents to verify the requirement of dependency, since the parents are in the best position to know whether or not a child is dependent on either parent. Further, the state should not be held responsible for refunds due to the inactions of a parent.
Mr. Hammond argued that in taking the responsibility for collecting child support obligations, the state must also take responsibility for its mistakes in collecting such obligations. By substituting itself as a party in child support collection proceedings, the state becomes the plaintiff, according to Mr. Hammond. If the state took more than it was entitled to, then the state must “set things right.” Mr. Hammond also noted the state could seek to recover the money from the person to whom it was incorrectly paid.
A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it. La. C.C. art. 2299. A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist. La. C.C. art. 2300. In the instant case, the state plainly had the right to collect child support during the child’s minority. See La. R.S. 46:236.1 et seq. However, once the child in this case reached 18 years of age, the support obligation ceased, since he was not dependent on either parent. La. R.S. 9:315.22(C). Therefore, payments then collected from the father, over and above arrearages due, were collected for an obligation that no longer existed. Because these payments were not owed, the state had the obligation to restore them to the father. See also the provisions of La. R.S. 46:236.9(H) calling for a refund for | overpayment of a child support liability when a delinquency in support has been referred for collection to the Department of Revenue.
The state has cited no cases supporting its position that in effect would estop Mr. Hammond from recovering the overpayments based upon his alleged duty “to verify the requirement of dependency.” The law does not place any affirmative burden on an obligor like Mr. Hammond, who has voluntarily agreed to pay child support to the state, “to verify the requirement of dependency.” Mr. Hammond in no way sought to trick the state, and Mr. Hammond in no way could have benefitted or obtained any advantage by not supplying the state with such information. Nor is there any indication that Mr. Hammond ever intended to waive his right to reimbursement of overpayments. Instead, this is simply a case in which the state collected more money than it was owed and now must return the excess. The record reveals the state’s affirmative efforts to verify that the child was a high school student in good standing following his 18th birthday. No action was taken by the state to *817 verify the child resided with the custodial parent and was dependent upon either parent.
Finally, we observe that this case should be distinguished from cases in which courts have refused to require the state to reimburse child support payments made by an alleged father who, after signing a formal acknowledgment of paternity, or after allowing a default judgment to be entered against him, subsequently proved the absence of a biological relationship with the child. See State v. Jackson, 580 So.2d 367 (La.1991); State Department of Social Services v. Bradley, 95-872 (La.App. 5th Cir.4/30/96), 673 So.2d 1247; and State v. Wilmore, 624 So.2d 30 (La.App. 2nd Cir.1993). In these cases the alleged fathers were responsible for the payments because of their action or inaction in legal proceedings concerning the very issue they later would decide to challenge. IsHowever, Mr. Hammond was not made a party to legal proceedings or even contacted by the state on the dependency issue when his son turned 18. His overpay-ments resulted from a combination of the child’s attaining majority, and the domiciliary parent’s (obligee’s) apparent misleading of the state concerning her child’s dependency on her.

DECREE

For the reasons set forth above, the trial court’s judgment is affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing Denied.