CHARLES R. JONES, Judge.
The appellant, Michael Gallo, appeals the judgment of the district court denying his request for reimbursement for child support in the amount of $22,125. We reverse.
' Michael Gallo and Brenda Ann Connor Gallo were married in 1978. During the course of there marriage, three children were born. The couple divorced in August 1992. Thereafter, Mr. Gallo found out that Ms. Gallo had sexual relations with another man which led him to believe that his youngest daughter was not biologically his. Mr. Gallo sought to disavow paternity of his youngest daughter on September 4, 1998. Mr. Gallo paid interim support via a consent judgment in the amount of $550 per month and arrears of $4400 at a rate of $200 per month for the child in question. On July 13, 2000, a paternity test was ordered which revealed that Mr. Gallo was not the father of the youngest daughter. A September 20, 2000 judgment dismissed the Income Assignment Order as to Mr. Gallo who then filed a Rule to Show Cause in the Civil District Court for the Parish of Orleans to compel Ms. Gallo to show cause why the district court should not order her to reimburse him $22,125 for past support payments. In addition, Mr. Gallo sought $481.12 for health insurance, $300 for the DNA testing, $350 for court costs and $790 for | ¡¡attorney fees. Mr. Gallo was awarded attorney’s fees in the amount of $500 and reimbursement for DNA testing in the amount of $300. However, in all other respects, the district court dismissed Mr. Gallo’s rule. It is from this judgment that he takes this timely appeal. This matter was submitted on briefs from Mr. Gallo only.
In his sole assignment of error, Mr. Gallo argues that the district court erred in denying his claim for reimbursement of funds paid to Ms. Gallo for child support *1224 when DNA testing subsequently excluded him as the child’s father.
Mr. Gallo argues that this Court has previously approved a district court judgment which terminated child support when the presumptive father has proven that he is not the biological father. Mr. Gallo relies on this Court’s decision in State v. Prosper, 580 So.2d 1085 (La. 4 Cir.1991), wherein we cited the Supreme Court decision in State v. Jones, 481 So.2d 598 (La.1986), stating that:
... the use of the conclusive presumption that the husband of the mother is the father of the child, La.C.C. art. 184, to prove the essential element of “parenthood” in a prosecution under La.R.S. 14:74 “clearly violates the federal and state constitutional guarantees of due process.” The court concluded that “the term ‘parent’ in La.R.S. 14:74(2) encompasses only the persons who begot or brought forth the child and cannot constitutionally be expanded by interpretation to include a person who is merely presumed in the civil law to be the biological parent.” Supra at 1087
We find that Prosper and Jones are distinguishable from the instant case in that those defendants were charged with criminal neglect of family, and had not made any previous support payments.
Mr. Gallo further argues that he was deceived and misled into believing that the youngest daughter was his child and therefore he is entitled to a refund. We agree.
l3In State v. Jackson, 575 So.2d 507 (La.App. 5 Cir. 2/14/1991), our colleagues on the Louisiana Fifth Circuit granted Mr. Jackson reimbursement from the state for child support after the paternity tests excluded him as the father. However, Jackson is also distinguishable from the instant case because the sole question in Jackson was whether the State or the mother should reimburse the alleged father for child support payments he erroneously made. The Supreme Court in Jackson granted certiorari and set aside the portion of the judgment of the court of appeal which found that the state was liable to Mr. Jackson for reimbursement of child support payments. However, the Supreme Court in Jackson clearly indicated that the father is entitled to reimbursement.
Mr. Gallo is seeking reimbursement from Ms. Gallo, not the state. We find that the Supreme Court in Jackson did not preclude Mr. Jackson from receiving reimbursement since the Fifth Circuit clearly stated that the sole question was from whom reimbursement should be sought.
Mr. Gallo proved that he is not the father of Ms. Gallo’s youngest daughter, and that he has been paying child support for Ms. Gallo’s youngest daughter under the mistaken belief that he was the father of the child. We find no basis in law that prohibits reimbursement from the mother once an alleged father is proven not to be the father of the child. We further find that the district court erred in denying Mr. Gallo’s claim for reimbursement.
Decree
For the reasons stated herein, the judgment of the district court denying Michael Gallo’s claim for reimbursement in the amount of $22,125 for child support and medical payments is hereby reversed. All costs are assessed to Brenda Ann Conner Gallo.
REVERSED.