# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1385


**D.K.P.**

**VERSUS**

**T.G.L.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20043753
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of James T. Genovese, Shannon J. Gremillion, and David E. Chatelain,[1] Judges.


**REVERSED.**

**Shane Michael Mouton**
**District Attorney's Office-Non-Support Division**
**P. O. Box 2609**
**Lafayette, LA 70502**
**(337) 235-0751**
**Counsel for Appellee:**
**State of Louisiana**

---

[1]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Gregory Francis Williams, Sr.**
**Attorney at Law**
**600 Jefferson St., Suite 550**
**Lafayette, LA 70501**
**(337) 266-2298**
**Counsel for Defendant/Appellant:**
**T.G.L.**

**D.K.P.**
**In Proper Person**
**215 Republic Ave., Apt. 7108**
**Lafayette, LA 70508**
**(337) 504-3785**
**Plaintiff/Appellee:**
**D.K.P.**

**GREMILLION, Judge**.

The defendant, T.G.L., appeals the judgment in favor of the plaintiff, D.K.P., awarding him a refund of $7,202 in child support payments for K.P.[2] For the following reasons, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

K.P. was born in August 2003, when T.G.L. and D.K.P. were in a relationship and lived together. The relationship ended in July 2004, and D.K.P. was ordered to pay child support in the amount of $234 per month. In April 2008, D.K.P. filed a petition for custody and requested that the parties submit to DNA testing, which revealed that D.K.P. was not K.P.'s father. In May 2008, T.G.L. filed a motion to terminate D.K.P.'s parental rights. In March 2009, D.K.P. filed a suit for disavowal of paternity. Following a hearing on the disavowal action, the trial court granted the disavowal and ordered the State of Louisiana, Department of Social Services, Support Enforcement Services, to refund D.K.P. $1,107, which was being held pending resolution of the disavowal action. The trial court further ordered T.G.L. to reimburse D.K.P. $7,020. T.G.L. now appeals and assigns as error the trial court's judgment reimbursing D.K.P. $7,020 for past child support payments.

### DISCUSSION

T.G.L. and D.K.P.'s relationship has been a tumultuous one in which T.G.L. appears to be the aggressor. Although not relevant to the legal question at hand, it is clear that the trial court considered these facts in refunding D.K.P.'s payments to T.G.L. The trial court apparently chose to disregard the classification of the payments as "child support" because of the fact that T.G.L. knew all along that

---

[2]In accordance with Uniform Rules—Courts of Appeal, Rule 5–1 and 5–2, initials are used throughout this opinion to protect the identity of the minor.

1

D.K.P. was not the father and because of unfounded allegations she made against D.K.P. that resulted in the trial court sentencing D.K.P. to jail time. The trial court stated:

> The deceit to the Court is where this lady needs to be penalized. The deceit on this Court. And he only asked for the affiliation or for the paternity action because she said he wasn't the father.
>
> I don't want money from the child, but I am going to order that the mother's money goes back to the dad, not the child's money.
>
> . . . .
>
> I don't want the child to come up with the money. It was child support that she did not—she did not give it to the child. This Court is not recognizing that she gave that money to the child. You got that?

Although we are quite sympathetic with D.K.P.'s plight, there simply does not exist a legal basis for the refund of child support payments. Additionally, reclassifying the child support paid via court-order directly to the Department of Social Services, Support Enforcement Services, as "money paid to the mother" does not change its inherent status as child support payments.

In *Gallo v. Gallo*, 03-0794 (La. 12/3/03), 861 So.2d 168, the ex-husband found out he was not the father of the child and requested a refund of $22,125 paid on behalf of the child. In *Gallo,* the supreme court, in discussing *State, Department of Social Services v. Bradley*, 95-872 (La.App. 5 Cir. 4/30/96), 673 So.2d 1247, *writ denied,* 96-1318 (La. 6/28/96), 675 So.2d 1129 (man claiming reimbursement was not married to the mother of the child), stated:

> The bottom line in *Bradley*, as in the instant case, is that although the child support payments were made to the mother, they were made for the benefit of the child, and the mother is under no obligation to refund the monies. Because the child support payments were received by the child, through the mother, the mother was not a person who received a payment not owed her, a requirement imposed by LSA-C.C. art. 2299 for reimbursement to be made.

*Gallo*, 861 So.2d at 178.

The supreme court did not provide for an exception if a factual determination could be made that the monies did not actually benefit the child. Moreover, it noted "that the most vulnerable person in this unfortunate litigation is [the child]." *Id.* at 179. It is clear that it would be against public policy to authorize the refund of child support payments in this instance. We can only hope that D.K.P. can take some satisfaction in knowing that the money he paid in child support may have benefitted K.P. in some way.

**CONCLUSION**

The judgment of the trial court is hereby reversed. The defendant-appellant, T.G.L., does not owe the plaintiff-appellee, D.K.P., reimbursement. Costs of this appeal and costs at the trial level are to be borne equally between the parties.

**REVERSED**.